RICHARD SHENKMAN-TYLER *v.* CENTRAL MUTUAL INSURANCE COMPANY ET AL.
(AC 31852)

RICHARD SHENKMAN-TYLER *v.* CENTRAL MUTUAL INSURANCE COMPANY
(AC 31853)

Bishop, Harper and West, Js.

734

Argued September 22, 2010—officially released February 22, 2011

*Benjamin D. Gettinger*, with whom, on the brief, was *Hugh F. Keefe*, for the appellant (plaintiff in both cases).

*David J. Crotta, Jr.*, for the appellee (named defendant in both cases).

*Richard C. Mahoney*, with whom were *Stephanie S. Baier* and *Nancy P. Tyler*, pro se, for the appellee (defendant Nancy P. Tyler in the first case).

*Opinion*

HARPER, J. In this consolidated appeal, the plaintiff, Richard Shenkman-Tyler appeals from the judgments of the trial court granting the motions filed by the defendants Central Mutual Insurance Company (Central Mutual) and Nancy P. Tyler,[1] to dismiss his declaratory judgment action (declaratory judgment action) and his related action (contract action), in which he brought claims for breach of contract, breach of the covenant of good faith and fair dealing, violation of the Connecticut Unfair Trade Practices Act (CUTPA); General Statutes § 42-110a et seq.; and negligent infliction of emotional distress. The plaintiff claims that the court improperly (1) granted the defendants' motions to dismiss the declaratory judgment action on the grounds that he lacked standing to bring the claim and that the claim

---

[1] Central Mutual and Tyler, the plaintiff's former wife, are defendants in the declaratory judgment action. Central Mutual is the sole defendant in the contract action.

was moot, and (2) granted Central Mutual's motion to dismiss his contract action on the ground that he lacked standing. We affirm the judgment of the trial court in the declaratory judgment action and reverse, in part, the judgment of the trial court in the contract action.

The following facts and procedural history are relevant to the plaintiff's appeal. This matter stems from the destruction by fire of a beach home (property) owned by Tyler, the plaintiff's former wife, and insured by Central Mutual. Tyler took title to the property in her name on August 24, 1995. At all relevant times, the property was insured by Central Mutual. Tyler initiated a marital dissolution action against the plaintiff on July 19, 2006. On March 5, 2007, while the marital dissolution action was pending, the property was destroyed by fire. The plaintiff was arrested on May 10, 2007, on charges of arson and reckless endangerment in relation to the fire that destroyed the property.

On May 18, 2007, the plaintiff brought a declaratory judgment action against Tyler and Central Mutual seeking a determination of: "Whether or not the plaintiff has a right to receive proceeds under the terms of the policy" and whether "payment should be made by [Central Mutual] under the terms of the policy . . . ." On July 2, 2008, the court, *Simon, J.*, rendered judgment of dissolution in the divorce proceeding. In its memorandum of decision, the court awarded the property and all proceeds from the pending insurance claims to Tyler, ordering: "Wife shall retain sole title and ownership to [the property] free from any claims of the husband. Wife shall be entitled to any and all proceeds from the pending fire insurance loss claim as made to the structure, contents, loss of use and any other claims that may be made under the terms of the policy. The court also awards the wife all of the husband's interests in said policy, if any exists. Should husband receive any proceeds from the pending litigation brought against the

carrier as to any and all claims that may be made under the policy, including husband's claim of bad faith, the same shall be deemed to be the property of the wife. This order is an assignment to the wife of any interest the husband may have in any litigation involving this property. Wife shall remain solely responsible for the taxes, insurance and currently existing mortgage encumbering the referenced property." On appeal, this court affirmed the judgment of the trial court in the divorce proceeding. *Tyler* v. *Shenkman-Tyler*, 115 Conn. App. 521, 973 A.2d 163, cert. denied, 293 Conn. 920, 979 A.2d 493 (2009).

On October 10, 2008, the plaintiff brought the contract action against Central Mutual. The plaintiff filed a four count complaint relating to Central Mutual's handling of the insurance claim on the property, alleging (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) violation of CUTPA, and (4) negligent infliction of emotional distress.

Tyler filed a motion to dismiss the declaratory judgment action on July 22, 2009. Central Mutual filed a motion to dismiss the declaratory judgment action on September 14, 2009, and a motion to dismiss the contract action on September 21, 2009. On December 22, 2009, the court, *Cosgrove, J.*, issued memoranda of decision in both actions, granting the defendants' motions to dismiss. In its memorandum of decision dismissing the declaratory judgment action, the court held that, because Tyler was awarded sole ownership and title to the property and all proceeds relating to the insurance claim on the property, the plaintiff lacked standing and the claim was moot. In dismissing the contract action, the court similarly held that, because any interest that the plaintiff may have had under the insurance contract had been assigned to Tyler by way of the judgment in the dissolution proceeding, the plaintiff lacked standing to bring the claims. This consolidated appeal followed.

I

The plaintiff's first claim is that the court improperly granted the defendants' motions to dismiss the declaratory judgment action. Specifically, the plaintiff claims that although, by the terms of the marital dissolution action, all proceeds from the insurance contract were transferred to Tyler, he nonetheless was entitled as a matter of law to bring the declaratory judgment action to determine his rights under the insurance contract. We do not agree.

"In reviewing the trial court's decision to grant a motion to dismiss, we take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . [A] motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Citation omitted; internal quotation marks omitted.) *Leseberg* v. *O'Grady*, 115 Conn. App. 18, 21, 971 A.2d 86, cert. denied, 293 Conn. 913, 978 A.2d 1110 (2009).

"The [declaratory judgment] procedure has the distinct advantage of affording to the court in granting any relief consequential to its determination of rights the opportunity of tailoring that relief to the particular circumstances. . . . A declaratory judgment action is not, however, a procedural panacea for use on all occasions, but, rather, is limited to solving justiciable controversies." (Citation omitted; internal quotation marks omitted.) *Milford Power Co., LLC* v. *Alstom Power, Inc.*, 263 Conn. 616, 625, 822 A.2d 196 (2003). "A court will not resolve a claimed controversy on the merits unless it is satisfied that the controversy is justiciable." *Mejia* v. *Commissioner of Correction*, 112 Conn. App. 137, 146, 962 A.2d 148, cert. denied, 291 Conn. 910, 969 A.2d 171 (2009). "Justiciability requires (1) that there be an

actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant. . . . As we have recognized, justiciability comprises several related doctrines, namely, standing, ripeness, mootness and the political question doctrine, that implicate a court's subject matter jurisdiction and its competency to adjudicate a particular matter. . . . Finally, because an issue regarding justiciability raises a question of law, our appellate review is plenary." (Internal quotation marks omitted.) *Connecticut Coalition for Justice in Education Funding, Inc.* v. *Rell*, 295 Conn. 240, 254–55, 990 A.2d 206 (2010).

In the present case, the court properly granted the defendants' motions to dismiss the plaintiff's declaratory judgment action, as it presents a nonjusticiable issue. The plaintiff's complaint in the declaratory judgment action specifically seeks a determination of his rights to receive proceeds under the insurance contract.[2] According to the terms of the court's order in the marital dissolution action, however, any interest that the plaintiff may have had in the insurance policy and any rights to proceeds under the policy have been assigned to Tyler. Therefore, a determination of the controversy will not result in any practical relief to the plaintiff as he no longer has any interest in the policy and is not entitled to any proceeds from the policy. Because no practical relief can be granted to the plaintiff, his claim is nonjusticiable, and we affirm the judgment of the trial court dismissing the plaintiff's declaratory judgment action.

[2] Although in his brief the plaintiff attempts to distinguish between his right to receive proceeds for a claim brought under the insurance contract and his right merely to bring a claim under the insurance contract, the complaint in the declaratory judgment action seeks expressly a determina-

## II

The plaintiff's next claim is that the court improperly granted Central Mutual's motion to dismiss his contract claim on the ground that he lacked standing. We affirm the court's granting of the motion to dismiss the contract claim as to the first three counts—breach of contract, breach of the covenant of good faith and fair dealing, and violation of CUTPA—and reverse as to the fourth count, negligent infliction of emotional distress.[3]

"The issue of standing implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. Practice Book § 10-31 (a). [I]t is the burden of the party who seeks the exercise of jurisdiction in his favor . . . clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute. . . . It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged. . . . Because a determination regarding the trial court's

tion of "[w]hether or not the plaintiff has a right to receive proceeds under the terms of the [insurance] policy . . . ."

[3] Central Mutual asserts that the plaintiff abandoned his claim relating to the contract action due to inadequate briefing. Although the plaintiff does not separate his argument as it applies to each action but, rather, discusses them jointly insofar as the issues overlap, we do not agree with Central Mutual's assertion that the plaintiff has abandoned his claims regarding the contract issue. "[A]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court." (Internal quotation marks omitted.) *Mullen & Mahon, Inc.* v. *Mobilmed Support Services, LLC*, 62 Conn. App. 1, 10, 773 A.2d 952 (2001). In the present case, the plaintiff's brief contains five pages of analysis and citation to relevant case law relating to his claim that the court improperly found that he lacked standing to bring both the contract claim and the declaratory judgment action. In light of the fact that the issue of standing presents a question of law, this level of briefing is adequate for review of his claim. See, e.g., *Potter* v. *Chicago Pneumatic Tool Co.*, 241 Conn. 199, 255 n.38, 694 A.2d 1319 (1997) (noting plaintiff's argument adequate when, although brief, it set forth facts and legal authority).

subject matter jurisdiction raises a question of law, our review is plenary. . . .

"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue. . . . Standing requires no more than a colorable claim of injury; a [party] ordinarily establishes . . . standing by allegations of injury [that he or she has suffered or is likely to suffer]. Similarly, standing exists to attempt to vindicate arguably protected interests. . . .

"Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved. . . . The fundamental test for determining [classical] aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in [the subject matter of the challenged action], as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the [challenged action]. . . . Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Citations omitted; internal quotation marks omitted.) *Wilcox* v. *Webster Ins., Inc.*, 294 Conn. 206, 213–15, 982 A.2d 1053 (2009).

"Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented." *Maloney* v. *Pac*, 183 Conn. 313, 320, 439 A.2d 349 (1981).

The first three counts in the plaintiff's contract action, alleging breach of contract, breach of the covenant of good faith and fair dealing, and violation of CUTPA, are all premised on the plaintiff's alleged rights under the insurance policy. Thus, in order to demonstrate aggrievement as to these counts, the plaintiff must demonstrate that he has some "specific, personal and legal interest" in the insurance policy which is the subject matter of these claims. The plaintiff does not dispute that, pursuant to the judgment of dissolution, Tyler is entitled to all proceeds from the insurance policy. Rather, the plaintiff maintains that his right to assert the claims under the insurance policy is not dependent on his right to receive the proceeds if his claims are successful, and, therefore, he has standing to assert the underlying claims even if any proceeds from those claims must be remitted to Tyler. We do not agree.

Our Supreme Court has stated that "[a]n insurance policy is to be interpreted by the same general rules that govern the construction of any written contract . . . [and] [i]n determining who may sue in actions upon insurance policies, the same principles govern generally as in other contracts . . . ." (Citation omitted; internal quotation marks omitted.) *Wilcox* v. *Webster Ins., Inc.*, supra, 294 Conn. 215. It is a well established principle of contract law that assignment of one's rights under a contract results in "[s]uccession by an assignee to exclusive ownership of all or part of

the assignor's rights respecting the subject matter of the assignment, and a corresponding extinguishment of those rights in the assignor . . . ." *Bouchard* v. *People's Bank*, 219 Conn. 465, 473, 594 A.2d 1 (1991). "It is well settled that one who [is] neither a party to a contract or a contemplated beneficiary thereof cannot sue to enforce the promise of the contract . . . ." (Internal quotation marks omitted.) *Dow & Condon, Inc.* v. *Brookfield Development Corp.*, 266 Conn. 572, 579, 833 A.2d 908 (2003).

The plaintiff contends that the order in the marital dissolution proceeding transferred to Tyler only the right to receive any proceeds under the insurance policy and, therefore, that he retains the right to bring his claims under the policy. The plain language of the court's order, however, awards "the wife *all of the husband's interests* in said policy, if any exists." (Emphasis added.) Thus, the order in the marital dissolution proceeding not only awarded Tyler all rights to receive proceeds under the insurance policy, but also assigned all of the plaintiff's interests in the insurance policy to Tyler and thereby extinguished all of the plaintiff's rights under the insurance policy. Because the plaintiff no longer has any interest under the insurance policy, he no longer has any "specific, personal and legal interest" in the subject matter of the first three counts in the contract action and has, therefore, failed to demonstrate that he has standing to bring those claims. The court properly concluded that the plaintiff lacked standing to bring counts one through three of the contract action, and its judgment granting Central Mutual's motion to dismiss is affirmed as to those counts.

Turning to the fourth count in the plaintiff's complaint, we conclude that the plaintiff has standing to bring his claim for negligent infliction of emotional distress and reverse the judgment of the trial court granting Central Mutual's motion to dismiss that count. Unlike

the other counts in the plaintiff's contract claim, the plaintiff's alleged aggrievement under the fourth count is not related to his interest in the insurance policy, but, rather, relates to Central Mutual's conduct toward the plaintiff when investigating the claim for coverage for the damage to the property as a result of the fire. Specifically, the plaintiff alleged in that count of his complaint that Central Mutual's conduct in failing "to evaluate the fire loss objectively" and "refus[ing] coverage under the policy on the basis [that he] is alleged to have intentionally caused the fire without having conducted any independent investigation of the origin and cause of the fire" has caused the plaintiff emotional distress.

"To prevail on a claim of negligent infliction of emotional distress, the plaintiff must plead and prove the following: (1) the defendant's conduct created an unreasonable risk of causing the plaintiff emotional distress; (2) the plaintiff's distress was foreseeable; (3) the emotional distress was severe enough that it might result in illness or bodily harm; and (4) the defendant's conduct was the cause of the plaintiff's distress. . . . Thus, [t]he plaintiff must prove that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.) *Stancuna* v. *Schaffer*, 122 Conn. App. 484, 490, 998 A.2d 1221 (2010). Therefore, the claim of negligent infliction of emotional distress is based on Central Mutual's conduct toward the plaintiff and whether such conduct caused him emotional distress that was severe enough that it might cause him illness or bodily harm. The plaintiff's standing to bring his claim of emotional distress is not in fact or law contingent on his interests under the insurance policy. Rather, the plaintiff has established

aggrievement and, thus, standing by alleging that Central Mutual's conduct toward him relating to the manner in which it conducted its investigation of the insurance claim on the property negligently caused him direct harm, i.e., emotional distress. See, e.g., *Connecticut Associated Builders & Contractors* v. *Hartford*, 251 Conn. 169, 178, 740 A.2d 813 (1999) ("[t]o establish standing to raise an issue for adjudication, a complainant must make a colorable claim of direct injury"). The fact that all of the plaintiff's interests under the insurance policy were awarded to Tyler did not affect the plaintiff's standing to bring count four of the contract action alleging negligent infliction of emotional distress. To establish standing, the plaintiff need not prove the existence of any such interest. We conclude that the plaintiff has standing to bring a claim of negligent infliction of emotional distress and that the court improperly granted Central Mutual's motion to dismiss this count.[4]

---

[4] We note, however, that our conclusion regarding the plaintiff's standing to bring his claim of negligent infliction of emotional distress in no way reflects on the merits of the plaintiff's claim or the legal sufficiency of his allegations. "[A] motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action. That should be done, instead, by a motion to strike . . . ." (Citation omitted.) *Pratt* v. *Old Saybrook*, 225 Conn. 177, 185, 621 A.2d 1322 (1993); see also *Egri* v. *Foisie*, 83 Conn. App. 243, 247, 848 A.2d 1266 ("[t]here is a significant difference between asserting that a plaintiff *cannot* state a cause of action and asserting that a plaintiff *has not* stated a cause of action, and therein lies the distinction between the motion to dismiss and the motion to strike" [emphasis in original]), cert. denied, 271 Conn. 931, 859 A.2d 930 (2004). When determining if the trial court properly granted a motion to dismiss on the ground of a lack of standing, we do not look to the merits of the plaintiff's claim but, rather, to whether the plaintiff is a proper party to request adjudication of the claim. See, e.g., *Mystic Marinelife Aquarium, Inc.* v. *Gill*, 175 Conn. 483, 491–92, 400 A.2d 726 (1978) ("The fundamental aspect of standing . . . [is that] it focuses on the party seeking to get his complaint before [the] court and not on the issues he wishes to have adjudicated. . . . When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue and not whether the controversy is otherwise justiciable, or whether, on the merits, the plaintiff has a legally protected

The judgment granting Central Mutual's motion to dismiss count four of the contract action, sounding in negligent infliction of emotional distress, is reversed and that case is remanded for further proceedings according to law. The judgments are affirmed in all other respects.

In this opinion the other judges concurred.

interest that the defendant's action has invaded." [Citations omitted; internal quotation marks omitted.]).