## QUENTIN STEPNEY *v.* COMMISSIONER OF CORRECTION
## (AC 31748)

DiPentima, C. J., and Bishop and Espinosa, Js.

Submitted on briefs April 15—officially released June 7, 2011

*Gennaro Bizzarro*, special public defender, filed a brief for the appellant (petitioner).

*Scott J. Murphy*, state's attorney, and *John A. East III* and *Angela R. Macchiarulo*, senior assistant state's attorneys, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Quentin Stepney, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court (1) abused its discretion in denying certification to appeal from the judgment of the habeas court and (2) improperly concluded that he had received effective assistance of counsel. We dismiss the appeal.

In an amended petition filed June 5, 2009, the petitioner set forth a claim, inter alia, of ineffective assistance of counsel. The petitioner had been convicted of sexual assault in the first degree, sexual assault in the second degree and risk of injury to a child. He alleged that he had received ineffective assistance of counsel

from attorney Claude Chong.[1] On November 10, 2009, the habeas court issued a memorandum of decision denying the habeas petition. The court also denied the petition for certification to appeal the denial of the writ of habeas corpus.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . A petitioner may establish an abuse of discretion by demonstrating that the issues are debatable among jurists of reason . . . [the] court could resolve the issues [in a different manner] . . . or . . . the questions are adequate to deserve encouragement to proceed further. . . . The required determination may be made on the basis of the record before the habeas court and applicable legal principles." (Internal

---

[1] In the petitioner's direct appeal, we set forth the following facts underlying his conviction. "On September 12, 2002, the victim was fifteen years of age. At approximately 2:30 p.m., she arrived home from school. She was home alone, speaking on the telephone with her friend, A, when the [petitioner] rang the doorbell at approximately 3 p.m. She and the [petitioner] were acquaintances; the [petitioner] was a friend of A and had provided handyman services for the victim's mother. The [petitioner] told the victim that he was there to use the bathroom; he asked her to permit him to enter the home. The victim permitted the [petitioner] to speak with A on the telephone and ultimately complied with the [petitioner's] request to enter the home.

"Upon entering the home, the [petitioner] asked the victim to research something for him on her computer and went into the bathroom. When the [petitioner] returned from the bathroom, the victim was in her bedroom. The [petitioner] entered the bedroom, exposed his penis and told the victim that there was 'something he has been wanting to do, but . . . never got the chance to.' The victim attempted to leave the room, but the [petitioner] forcefully prevented her from doing so. The [petitioner] struck the victim. The [petitioner] pushed the victim onto her bed, where he pulled her pants and underwear to her knees. Despite the victim's verbal and physical protests, the [petitioner] partially inserted his penis into the victim's vagina and performed cunnilingus on the victim. The [petitioner] thereafter took possession of a photograph of the victim that was in the bedroom, warned the victim that he would 'get back' at her if she told anyone about what had occurred and left the victim's home." *State* v. *Stepney,* 94 Conn. App. 72, 74, 891 A.2d 67, cert. denied, 278 Conn. 911, 899 A.2d 40 (2006).

quotation marks omitted.) *Koslik* v. *Commissioner of Correction*, 127 Conn. App. 801, 804, 16 A.3d 753 (2011).

"A claim of ineffective assistance of counsel consists of two components: a performance prong and a prejudice prong. To satisfy the performance prong, a claimant must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment. . . . Put another way, the petitioner must demonstrate that his attorney's representation was not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . With respect to the prejudice component, [i]t is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceedings. . . . Because both prongs . . . must be established for a habeas petitioner to prevail, a court may dismiss a petitioner's claim if he fails to meet either prong. . . . A court need not determine the deficiency of counsel's performance if consideration of the prejudice prong will be dispositive of the ineffectiveness claim." (Internal quotation marks omitted.) *Gooden* v. *Commissioner of Correction*, 127 Conn. App. 662, 668, 14 A.3d 1066 (2011).

On appeal, the petitioner argues that Chong was ineffective because he failed to investigate and to offer into evidence a DNA report, failed to cross-examine adequately employees of the state crime laboratory about that report and failed to cross-examine adequately the victim and her friend regarding discrepancies between their testimony at trial and statements

made to the police. The court determined that the decisions made by Chong with respect to these issues were matters of trial strategy. We agree that the petitioner has failed to overcome the strong presumption of sound trial strategy that this court consistently has refused to second-guess. See *Santiago* v. *Commissioner of Correction*, 125 Conn. App. 641, 648, 9 A.3d 402 (2010), cert. denied, 300 Conn. 910, 12 A.3d 1006 (2011); *Crocker* v. *Commissioner of Correction*, 126 Conn. App. 110, 131–32, 10 A.3d 1079, cert. denied, 300 Conn. 919, 14 A.3d 333 (2011). We note that these strategic decisions by experienced counsel were made in the context of "overwhelming evidence of guilt . . . ."

After reviewing the record and the briefs, we conclude that the court properly denied certification to appeal from the denial of the petition for a writ of habeas corpus. The petitioner has failed to show that the issues are debatable among jurists of reason, that the court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further.

The appeal is dismissed.