******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

RUSSELL PERILLO *v.* COMMISSIONER OF
CORRECTION
(AC 34604)

DiPentima, C. J., and Beach and Keller, Js.

*Submitted on briefs January 22—officially released March 25, 2014*

(Appeal from Superior Court, judicial district of
Tolland, Newson, J.)

*Matthew D. Dyer*, assigned counsel, filed a brief for
the appellant (petitioner).

*David S. Shepack*, state's attorney, *Timothy F. Cos-
tello*, assistant state's attorney, and *Marcia A. Pillsbury*,
deputy assistant state's attorney, filed a brief for the
appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Russell Perillo, appeals from the denial of certification to appeal from the denial of his petition for a writ of habeas corpus. In an unusual approach, the petitioner forgoes any challenge to the actions of the criminal trial counsel and instead makes the claim that his habeas counsel provided ineffective assistance of counsel during the proceedings underlying this appeal. We dismiss the appeal.

On February 11, 2008, the petitioner pleaded guilty pursuant to the *Alford*[1] doctrine to manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (3) and escape from custody in violation of General Statutes § 53a-171 (a) (1). The court sentenced the petitioner in accordance with a plea deal to thirty years incarceration, suspended after twenty years, and five years probation. The petitioner did not file a direct appeal from this conviction, but instead commenced the present habeas action acting as a self-represented party.

On August 25, 2011, Attorney Michael D. Day filed a second amended petition for a writ of habeas corpus on behalf of the petitioner. The petition alleged that the petitioner's criminal trial counsel, Attorney Christopher M. Cosgrove, had provided constitutionally deficient representation in a variety of ways, including the failure to investigate, the failure to advance a claim of self-defense pursuant to General Statutes § 53a-19, and the failure to assist the petitioner with his mental health issues. The petition also alleged that the petitioner's right to due process was violated because his plea was not knowing, intelligent and voluntary.

On February 28, 2012, after trial, the court issued an oral decision[2] denying the petition for a writ of habeas corpus.[3] On February 29, 2012, the petitioner filed a petition for certification to appeal the denial of his petition for a writ of habeas corpus. Specifically, he sought certification for the following issues: "(1) Whether the [p]etitioner's constitutional right to the effective assistance of counsel . . . was violated; and (2) [w]hether the petitioner's due process rights were violated because his plea was not knowing, intelligent and voluntary." The court denied the petition for certification to appeal on March 2, 2012. This appeal followed.

The Office of the Chief Public Defender filed an appearance in lieu of Day and appealed from the denial of certification to appeal and the judgment of the habeas court. Attorney Matthew D. Dyer subsequently appeared as assigned counsel in place of the public defender's office and submitted an appellate brief challenging the actions of Day, the petitioner's habeas trial counsel, and not Cosgrove, his criminal trial counsel.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of

discretion. Abuse of discretion is the proper standard because that is the standard to which we have held other litigants whose rights to appeal the legislature has conditioned upon the obtaining of the trial court's permission. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . If this burden is not satisfied, then the claim that the judgment of the habeas court should be reversed does not qualify for consideration by this court." (Citation omitted; internal quotation marks omitted.) *Spyke* v. *Commissioner of Correction*, 145 Conn. App. 419, 423, 75 A.3d 738, cert. denied, 310 Conn. 932, 78 A.3d 858 (2013); see also *Crespo* v. *Commissioner of Correction*, 292 Conn. 804, 811, 975 A.2d 42 (2009); *Stepney* v. *Commissioner of Correction*, 129 Conn. App. 364, 366, 19 A.3d 1262 (2011).

The petition for certification to appeal contained claims of alleged deficiencies by Cosgrove, the petitioner's criminal trial counsel. On appeal, however, the petitioner challenges the actions of Day during the habeas trial. Specifically, he argues that Day should have presented evidence, including expert testimony, to set forth the standard of care to measure the actions of Cosgrove, and that Day should have presented evidence regarding the terms of the plea deal offered by the state.

The fatal flaw in the petitioner's appeal is that these claims were not presented to the habeas court for a determination of whether certification to appeal should have been granted. "This court has determined that a petitioner cannot demonstrate that a habeas court abused its discretion in denying a petition for certification to appeal on the basis of issues that were not actually raised in the petition for certification to appeal. . . . Under such circumstances, the petition for certification to appeal could not have apprised the habeas court that the petitioner was seeking certification to appeal based on such issues. . . . A review of such claims would amount to an ambuscade of the [habeas] judge." (Citations omitted; internal quotation marks omitted.) *Campbell* v. *Commissioner of Correction*, 132 Conn. App. 263, 267, 31 A.3d 1182 (2011); see also *Perry* v. *Commissioner of Correction*, 131 Conn. App. 792, 796, 28 A.3d 1015 (Appellate Court declined to review claim not included in petition for certification to appeal), cert. denied, 303 Conn. 913, 32 A.3d 966 (2011); *Logan* v. *Commissioner of Correction*, 125 Conn. App. 744, 752, 9 A.3d 776 (2010) (same), cert. denied, 300 Conn. 918, 14 A.3d 333 (2011); see generally *Mitchell* v. *Commissioner of Correction*, 68 Conn. App. 1, 6–7,

790 A.2d 463, cert. denied, 260 Conn. 903, 793 A.2d 1089 (2002). Our habeas jurisprudence does not permit the approach taken by the petitioner in this case. We conclude that the petitioner has failed to satisfy the threshold requirement that the habeas court abused its discretion in denying certification to appeal.

The appeal is dismissed.

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] The court signed the transcript of its oral decision in compliance with Practice Book § 64-1.

[3] The court noted that it found Cosgrove to be a credible witness and that the petitioner's testimony "lacked any real credibility."