******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MICHAEL TAVANI *v.* MAUREEN RILEY
(AC 37034)

Alvord, Keller and Harper, Js.

*Argued March 3—officially released October 27, 2015*

(Appeal from Superior Court, judicial district of
Windham, Graziani, J.)

*J. Colin Heffernan*, with whom, on the brief, was
*John C. Heffernan*, for the appellant (plaintiff).

*Opinion*

HARPER, J. The plaintiff, Michael Tavani, appeals from the judgment of the trial court dismissing his action for a declaratory judgment. On appeal, the plaintiff claims that the court improperly dismissed his action, sua sponte, on the ground that his case was not justiciable.[1] We agree, and reverse the judgment of the trial court.

The following facts and procedural history are relevant to the plaintiff's claim. On December 27, 2012, the plaintiff filed a one count complaint against the defendant, Maureen Riley, seeking declaratory relief "that [he] has fully complied with his child support obligation and that there are no arrearages relating to the care and support of either of [his] children, who are now adults, or [the defendant]." The trial court stated the following facts as alleged in the plaintiff's complaint: "On March 24, 1994, the Essex County, Massachusetts Probate and Family Court granted the plaintiff and the defendant a divorce. Both parties and their children resided in Massachusetts at the time of the divorce. Between 1994 and 2000, the plaintiff relocated to Connecticut and the defendant relocated to Virginia. On April 28, 2000, the defendant petitioned the Virginia Department of Social Services to pursue the plaintiff for his alleged failure to pay child support from 1994 through 2000. The Massachusetts support order was registered in Connecticut on July 11, 2000. The Virginia Department of Social Services contacted the Connecticut Support Enforcement Services in Putnam, which contacted the plaintiff and directed him to appear in court on September 14, 2000, and provide proof of his gross income from March, 1994, to September, 2000. The Connecticut Support Enforcement Services determined that there was no arrearage and facilitated future child support payments from 2000 to 2009.

"The plaintiff further alleges that on August 10, 2009, the Connecticut Superior Court terminated the plaintiff's child support obligation at the plaintiff's request because his children were emancipated. The court did not find any arrearage owed at the time the support order was terminated.[2] On January 3, 2012, the defendant, who was now living in New Hampshire, filed a complaint for contempt in the Essex County, Massachusetts Probate and Family Court. The Massachusetts court dismissed the complaint on April 25, 2012, for lack of jurisdiction because neither party resided in [Massachusetts]. The plaintiff seeks a declaratory judgment that he 'has fully complied with his child support obligation and that there are no arrearages relating to the care and support of either of [his] children, who are now adults, or [the defendant]. The purpose in seeking declaratory judgment is to prevent [the defendant] from engaging in any further forum shopping that would require [the plaintiff] to once again prove to a court's

satisfaction that he has fully met his obligations.' The plaintiff wishes to enforce a judgment from this court under the full faith and credit clause of the constitution in any state and at any time the defendant brings a claim against him.

"On February 6, 2013, the defendant was defaulted for failure to plead. On March 6, 2013, the plaintiff filed a motion for judgment after default, which was denied on March 22, 2013. On August 27, 2013, the court granted the plaintiff's August 15, 2013 motion to transfer and the matter was transferred to the family docket. The plaintiff then filed a motion for judgment on October 17, 2013." (Footnote added.) On November 6, 2013, the court heard oral argument and referred the matter to the Family Support Magistrate Division, and on January 30, 2014, the Family Support Magistrate Division referred the case back to the family division of the trial court.[3] "The matter was heard on July 10, 2014, at which time the court denied the motion for judgment and [sua sponte] dismissed the case for a lack of substantial question in dispute or substantial uncertainty of legal relations. The plaintiff filed a motion for articulation on July 11, 2014."

On August 7, 2014, the court issued its memorandum of decision, concluding that there was no justiciable controversy or substantial issue to allow it to declare judgment. The court explained that "[t]here is no pending action concerning a complaint of contempt against the plaintiff. The last action against the plaintiff, filed on January 3, 2012, was dismissed by the Massachusetts Probate and Family Court for lack of jurisdiction. The Massachusetts child support order, which was registered in Connecticut, has been terminated and there is no pending contempt case in Connecticut. The action for declaratory judgment itself is not an uncertainty that requires settlement; it is an action by which the court may determine a question that is already in dispute and distinctly separate from the issue of whether the court should declare judgment for the moving party." The court concluded that "when there is no justiciable controversy or substantial issue for the court to rule in a declaratory judgment action, a default for failure to plead does not require the court to declare judgment." Because the court had no information as to what the defendant may or may not claim in a future action, it stated that "the defendant's previous act of bringing a claim of contempt does not allow the plaintiff to ascertain with reasonable certainty that the defendant will bring the same action in another jurisdiction." In other words, the court determined that the plaintiff's complaint was not justiciable. For those reasons, the court denied the plaintiff's motion for judgment and dismissed his case. This appeal followed.

On appeal, the plaintiff claims that the court improperly dismissed his action on the ground that the case

was not justiciable. He argues that "[t]he trial court erroneously interpreted the plaintiff's complaint as seeking an advisory opinion as to whether or not the defendant could pursue an action against the plaintiff in another forum." He further argues that this was not his request; his request was for the court to find a specific fact, which presently exists, that there was a previous finding of zero arrearages of child support owed to the defendant.[4]

As a preliminary note, we treat the plaintiff's request for a declaratory judgment as a request for an accounting to clarify whether he owes the defendant any child support arrearage. See *Drahan v. Board of Education*, 42 Conn. App. 480, 489, 680 A.2d 316 ("[W]e emphasize that the construction of a pleading is a question ultimately for the court. . . . When a case requires this court to determine the nature of a pleading filed by a party, we are not required to accept the label affixed to that pleading by the party. In this vein, we analyze the pleadings at issue in the present case." [Internal quotation marks omitted.]), cert. denied, 239 Conn. 921, 682 A.2d 1000 (1996). Upon review of the record and the plaintiff's complaint for declaratory relief, we conclude that the plaintiff sought an accounting by the court, that as of August 10, 2009, when his child support obligation was terminated due to his children's emancipation, he owed no arrearage in his child support obligations.

The plaintiff seeks to prove, by review of the records of the Connecticut Support Enforcement Services, a division of the court operations of the judicial branch, that no arrearage exists and to have the court issue a specific finding to that effect. Our Supreme Court has stated that "[e]ven beyond the four month time frame set forth in Practice Book § 17-4 . . . courts have continuing jurisdiction to fashion a remedy appropriate to the vindication of a prior . . . judgment . . . pursuant to [their] inherent powers . . . . When an ambiguity in the language of a prior judgment has arisen as a result of postjudgment events . . . a trial court may, at any time, exercise its continuing jurisdiction to effectuate its prior [judgment] . . . by interpreting [the] ambiguous judgment and entering orders to effectuate the judgment as interpreted . . . ." (Citation omitted; internal quotation marks omitted.) *Mickey* v. *Mickey*, 292 Conn. 597, 604, 974 A.2d 641 (2009).

Next, we set forth the applicable standard of review for issues regarding justiciability. "A court will not resolve a claimed controversy on the merits unless it is satisfied that the controversy is justiciable. . . . Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical

relief to the complainant. . . . As we have recognized, justiciability comprises several related doctrines, namely, standing, ripeness, mootness and the political question doctrine, that implicate a court's subject matter jurisdiction and its competency to adjudicate a particular matter. . . . Finally, because an issue regarding justiciability raises a question of law, our appellate review is plenary." (Citation omitted; internal quotation marks omitted.) *Shenkman-Tyler* v. *Central Mutual Ins. Co.*, 126 Conn. App. 733, 738–39, 12 A.3d 613 (2011).

Here, we hold that the plaintiff's complaint was justiciable. Although the court found that there was not an actual controversy, we determine that the plaintiff was entitled to obtain an accounting or clear ruling that he does not owe any arrearage for child support to the defendant. Although the defendant has taken no action in this matter, the interest of the plaintiff in seeking an accounting is adverse to that of the defendant, who recently had attempted to pursue collection of a claimed child support arrearage against the plaintiff in Massachusetts. This Massachusetts filing by the defendant was despite her successful petition to have Connecticut Support Enforcement Services enforce and collect the child support payment from 2000 to 2009, when all the children had attained the age of majority.[5] Additionally, the matter is capable of being adjudicated by the court,[6] and if the court can augment its August 10, 2009 order by permitting the plaintiff to establish he owes no arrearage, the plaintiff can achieve practical relief by having the ability to prove to another forum that he has met his obligation. Therefore, the plaintiff's case meets the requirements of justiciability.

The judgment dismissing the plaintiff's action is reversed and the case is remanded to the trial court for a hearing on the accounting action to ascertain whether the plaintiff owes any arrearage for child support to the defendant.

In this opinion the other judges concurred.

[1] The plaintiff also claims that the court improperly refused to grant him a judgment on the default for failure to plead that was entered against the defendant, Maureen Riley, on February 12, 2013, and improperly denied his request for a declaratory judgment following that order of default. Because we agree with the plaintiff that the court improperly dismissed his action on the ground that it was not justiciable, we remand the case for further proceedings and do not reach these claims.

We also note that the defendant never filed a brief in this appeal and this court ordered that the appeal would be considered only on the basis of the plaintiff's brief and appendix.

[2] The court's order lacked any finding on the child support arrearage, if any existed at that time. This ambiguity is the root of the problem.

[3] Number 15-71 of the 2015 Public Acts (P.A. 15-71) modified the law of interstate support orders. The power of the Family Support Magistrate Division, however, remains unchanged. In particular, § 89 (m) (2) (A) of P.A. 15-71 authorizes the Family Support Magistrate to hear interstate matters, and § 19 provides that the magistrate shall: "(1) apply the procedural and substantive law generally applicable to similar proceedings originating in this state and may exercise all powers and provide all remedies available in those proceedings; and (2) determine the duty of support and the amount payable in accordance with the law and support guidelines of this state." Public Acts 2015, No. 15-71, § 19.

[4] We emphasize that there was *never* a previous finding of zero child support arrearage. The plaintiff could have requested, at the time of termination of his child support obligation, a finding of the arrearage, if any.

[5] We note that the support obligor who seeks an accounting bears the burden of proving the payment of the court order. Therefore, it is the plaintiff's burden to prove, on remand, that there is a zero arrearage owed to the defendant as of the date of termination of the child support order.

[6] Because the records of the Connecticut Support Enforcement Services may be necessary evidence in a hearing, on remand, the court, in its discretion, may order the matter placed on the family support magistrate list for hearing and determination. See Practice Book § 25a-1 (c).