J-S64001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA LEVERS | : | |
| | : | |
| Appellant | : | No. 447 WDA 2018 |

Appeal from the Judgment of Sentence March 5, 2018
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0002772-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA SETH LEVERS | : | |
| | : | |
| Appellant | : | No. 448 WDA 2018 |

Appeal from the Judgment of Sentence March 5, 2018
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0002773-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA SETH LEVERS | : | |
| | : | |
| Appellant | : | No. 449 WDA 2018 |

Appeal from the Judgment of Sentence March 5, 2018
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0001422-2015

BEFORE:   BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 12, 2019**

Joshua Levers appeals from the judgment of sentence of an aggregate term of three-and-one-half to ten years of incarceration imposed after revoking Appellant's sentence of state intermediate punishment ("SIP").[1]  We affirm.

The trial court offered the following summary of the factual background of the cases involved in this appeal.

> This case arises out of three separate criminal complaints filed against [Appellant].  On October 27, 2014, a criminal complaint was filed whereby the Defendant was charged with one count of flight to avoid apprehension, trial, or punishment, one count of resisting arrest or other law enforcement, one count of possession of a controlled substance, one count of use or possession of a controlled substance, one count of disorderly conduct, one count of terroristic threats, and one count of harassment.
>
> These charges arise from an incident on September 27, 2014, [when] an officer responded to a harassment call at 104 Warren Street, Bentleyville, Pennsylvania, where the victim, Susan Childs, stated that [Appellant] threatened to "beat the hell

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] As this Court has explained:

> SIP is a two-year program designed to benefit persons with drug and alcohol problems.  61 Pa.C.S. §§ 4102-4109.  In order to be eligible for the SIP program, a defendant cannot have a history of present or past violent behavior and the Pennsylvania Department of Corrections ("DOC") must determine that the defendant is in need of drug and alcohol treatment.

***Commonwealth v. Kuykendall***, 2 A.3d 559, 560 (Pa.Super. 2010).

out of her" and to slash her vehicle's tires. After [Appellant] had fled from the residence, the officer pursued and apprehended him in the nearby woods.

Another criminal complaint was filed on October 13, 2014, whereby [Appellant] was charged with one count of aggravated assault, one count of recklessly endangering another person, one count of simple assault, and one count of harassment.

These charges arise out of an incident on October 13, 2014, when an officer was dispatched to a domestic call on the 500 block of Main Street in Bentleyville, Pennsylvania. The victim, Deonnia Paxton, informed the officer that her husband, [Appellant], grabbed her around the neck and held a knife to her neck. The victim stated that she escaped the home on foot. As she fled, [Appellant] put her in a headlock and threw her to the ground, causing injuries to her right hand and left side of her head.

Finally, the third criminal complaint was filed on March 23, 2015, whereby [Appellant] was charged with one count of burglary, two counts of criminal trespass, one count of theft by unlawful taking or disposition, and one count of criminal attempt, arising from an incident on February 23, 2015, at a residence on 54 Grange Road, in West Pike Run Township, Pennsylvania. The owner of the residence, Cynthia Yonkers, reported that as she arrived at her home, she noticed a male exiting the basement door and carrying a stereo. She yelled at the man, causing him to drop the stereo and flee. Subsequently, on March 2, 2015, the victim contacted law enforcement and identified [Appellant] as the male from the February incident.

Trial Court Opinion, 1/10/19, at 2-3 (footnotes, unnecessary capitalization, and repetition of amounts in numerical form omitted).

Appellant entered guilty pleas and was sentenced in March 2015 to county intermediate punishment, including a period of electronic home monitoring, and counseling. Pleading guilty to new criminal charges in September 2015, Appellant's sentence was revoked and Appellant was sentenced to probation through the mental health court program. Upon

violation of his probation, Appellant's probation was revoked and he was sentenced in August 2016 to be placed in the SIP program, followed by a term of probation. In February 2018, the DOC informed the trial court that Appellant was expelled from the SIP program for drug use and lack of participation. After a hearing, Appellant's SIP sentence was revoked. On March 5, 2018, the trial court imposed the term of incarceration of three-and-one-half to ten years at issue in this appeal.

Appellant thereafter filed timely notices of appeal.[2] The trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant eventually complied. Appellant contends on appeal that his sentence is excessive and was based upon improper factors. Appellant's brief at 7.

Before we address the merits of Appellant's claim, we must determine whether it is properly before us. As the trial court and the Commonwealth note, Appellant's 1925(b) statement was filed late. The consequence of a late 1925(b) statement is usually waiver.[3] **See** Pa.R.A.P. 1925(b)(4)(vii).

_____

[2] Although this appeal predates our Supreme Court's decision **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), we note that Appellant filed a separate notice of appeal at each docket number implicated by the March 5, 2019 sentencing proceeding.

[3] The Commonwealth argues that Appellant's failure to file a timely 1925(b) statement renders this appeal untimely even though the notice of appeal was timely filed. Commonwealth's brief at 18-20. There is no support in the law

- 4 -

However, waiver does not apply in the instant case because the trial court's April 12, 2018 order was not entered on the docket in compliance with Pa.R.Crim.P. 114(C)(2)(c) by indicating the fact and date of service on the parties.[4] *See Commonwealth v. Chester*, 163 A.3d 470, 472 (Pa.Super. 2017) (holding order to file Rule 1925(b) statement was unenforceable where there was no indication on the docket of the date of service of the order requiring its filing). Accordingly, we consider whether Appellant has raised a viable challenge to the discretionary aspects of his sentence.

The following well-established principles of law guide our review:

An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

(1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

_____

for the Commonwealth's contention that lack of compliance with Rule 1925 negates the timeliness of the appeal.

[4] Even if the trial court's order were enforceable, remand, rather than waiver, would result pursuant to Rule 1925(c)(3) (providing for remand for a *nunc pro tunc* statement where counsel was *per se* ineffective in failing to file a timely statement).

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa.Super. 2014) (internal citations omitted).

Appellant filed a timely notice of appeal, and his brief contains a statement of reasons relied upon for his challenge to the discretionary aspects of his sentence as required by Pa.R.A.P. 2119(f). Although he did not preserve his issue in a post-sentence motion, we conclude that his failure to do so is not fatal to his challenge. The Rules of Criminal Procedure provide as follows regarding sentencing upon violation of intermediate punishment:

The judge shall advise the defendant on the record:

(a) of the right to file a motion to modify sentence and to appeal, of the time within which the defendant must exercise those rights, and of the right to assistance of counsel in the preparation of the motion and appeal[.]

Pa.R.Crim.P. 708(D)(3). As the transcript contains no such statement by the trial court, waiver does not apply. *See Commonwealth v. Moore*, 453 A.2d 1029, 1030 (Pa.Super. 1982) ("[A]ppellant did not waive his right to challenge his sentence unless he knew that he had such a right, and he will not be deemed to have known that he had such a right unless the lower court told him that he did and also, told him how he could exercise his right.").

Thus, we consider whether Appellant has raised a substantial question that his sentence is not appropriate. Appellant contends that the trial court improperly relied upon the DOC's stated reasons for expelling Appellant from SIP in imposing an excessive aggregate sentence. We conclude that Appellant has raised a substantial question. *See*, *e.g.*, *Commonwealth v. Dodge*, 77

A.3d 1263, 1273 (Pa.Super. 2013) (holding claim that the trial court relied upon impermissible sentencing factors presented a substantial question). Therefore, we address the merits of Appellant's claim, mindful of the following.

"When reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *Commonwealth v. Ventura*, 975 A.2d 1128, 1134 (Pa.Super. 2009). Hence, we review the sentencing court's determination for an abuse of discretion.

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa.Super. 2014).

With these principles in mind, we turn to the substance of Appellant's argument. Appellant acknowledges that he was expelled from SIP because he had relapsed and fallen back into using illegal drugs. However, Appellant complains that his sentence is excessively long insofar as it is based in part upon the trial court's focus on documents supplied by the DOC that Appellant's "lack of meaningful participation" in the program as well as drug use motivated his expulsion. Appellant's brief at 11. Relying upon this Court's decision in *Commonwealth v. Schultz*, 116 A.3d 1116, 1121 (Pa.Super. 2015), Appellant contends that the reasons why Appellant was expelled from the SIP

program were irrelevant and improperly considered at the sentencing hearing. *Id*. at 11-13.

In **Schultz**, the issue was whether the trial court erred in entertaining at a revocation hearing testimony from a DOC SIP coordinator about the reasons for the defendant's expulsion from the program. The Court began by examining the statutes regarding expulsion from the SIP program on the one hand, and revocation of an SIP sentence on the other. The statute concerning the former provides as follows in relevant part:

**(f) Expulsion from program.--**

(1) A participant may be expelled from the drug offender treatment program at any time in accordance with guidelines established by the department, including failure to comply with administrative or disciplinary procedures or requirements set forth by the department.

(2) The department shall promptly notify the court, the defendant, the attorney for the Commonwealth and the commission of the expulsion of a participant from the drug offender treatment program and the reason for such expulsion. The participant shall be housed in a State correctional institution or county jail pending action by the court.

(3) The court shall schedule a prompt State intermediate punishment revocation hearing pursuant to 42 Pa.C.S. § 9774 (relating to revocation of State intermediate punishment sentence).

61 Pa.C.S. § 4105.

The statute governing revocation of a SIP sentence states as follows:

>**(a) General rule.--**The court may at any time terminate a sentence of State intermediate punishment pursuant to 61 Pa.C.S. Ch. 41 (relating to State intermediate punishment).
>
>**(b) Revocation.--**The court shall revoke a sentence of State intermediate punishment if after a hearing it determines that the participant was expelled from or failed to complete the program.
>
>**(c) Proceedings upon revocation.--**Upon revocation of a State intermediate punishment sentence, the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing. The attorney for the Commonwealth must file notice, at any time prior to resentencing, of the Commonwealth's intention to proceed under an applicable provision of law requiring a mandatory minimum sentence.

42 Pa.C.S. § 9774

Noting that the decision whether to expel someone from the program is the sole province of the DOC, this Court held that the only question to be decided by a court at a revocation hearing held pursuant to 42 Pa.C.S. § 9774(b) is if the DOC expelled the defendant or he failed to complete the program. "Section 9774(b) . . . only requires the Commonwealth to prove the fact of expulsion or non-completion. Once the trial court finds this fact, it is required to revoke under Section 9774(b)." ***Schultz***, ***supra*** at 1121. Accordingly, we held that testimony about why the defendant was expelled from SIP by the DOC was legally irrelevant at the § 9774(b) hearing. ***Id***.

The Commonwealth aptly points out that ***Schultz*** is inapposite because the hearing at which the trial court discussed the reasons for Appellant's expulsion from SIP by the DOC was **a resentencing hearing pursuant to § 9774(c)**, not merely a § 9744(b) revocation hearing. ***See***

Commonwealth's brief at 22-24. It is axiomatic that the trial court's sentence is to be based upon consideration of, *inter alia*, the defendant's rehabilitative needs. **See**, **e.g.**, 42 Pa.C.S. § 9721(b) (detailing general sentencing standards). Appellant asked the court to allow him to live with his father and receive outpatient treatment, promising that this time he was ready to follow through with recovery through NA and AA. **See**, **e.g.**, N.T. Revocation and Sentencing, 3/5/18, at 6-7. As such, the fact that Appellant was expelled from the SIP drug offender treatment program for both drug use and lack of meaningful participation was certainly relevant to Appellant's amenability to rehabilitation through treatment.

Accordingly, Appellant has failed to demonstrate that the trial court "ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." **Antidormi**, **supra** at 760. We thus have no reason to disturb the trial court's exercise of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2019