## ERNEST FRANCIS *v.* COMMISSIONER OF CORRECTION
## (AC 18926)

Lavery, C. J., and Spear and Dranginis, Js.

Submitted on briefs April 6—officially released May 8, 2001

*Damon A. R. Kirschbaum* filed a brief for the appellant (petitioner).

*James E. Thomas*, state's attorney, *Donna Mambrino*, senior assistant state's attorney, and *Margaret Gaffney Radionovas*, assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Ernest Francis, appeals following the denial of his petition for certification to appeal from the denial of his petition for a writ of habeas corpus, which alleged that his trial attorney rendered ineffective assistance.[1] The petitioner claims that appellate review is warranted because trial counsel was ineffective in failing to raise the defense of extreme emotional disturbance at trial. We dismiss the appeal.

---

[1] The petitioner was convicted of murder, and the conviction was affirmed in *State* v. *Francis*, 228 Conn. 118, 635 A.2d 762 (1993).

The court found that the defendant gave his trial counsel differing versions of the incident that led to the victim's death. The petitioner at first claimed that the victim drew a knife on him and, in the ensuing scuffle, fell on his own knife. He later changed the statement to admit that it was his knife, but that the victim was stabbed while they both struggled for the knife. The petitioner's trial testimony related the following version of the incident. The petitioner testified that he had approached the victim on the street because the victim had assaulted him in jail several months earlier. After the victim threw juice in his face, the petitioner struck out blindly with his knife. He did not realize that he had stabbed the victim until he saw blood on the knife as he returned to his motor vehicle.

Trial counsel's defense in the criminal trial was that the petitioner did not have the requisite intent to commit murder because the stabbing was accidental. The habeas court concluded that the petitioner's own testimony at trial mitigated against a defense of extreme emotional disturbance.

After a review of the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The habeas court's dismissal of the petitioner's writ was predicated on a factual review of the petitioner's

claim and the determination that the petitioner had failed to rebut the strong presumption that "counsel's conduct f[ell] within the wide range of reasonable professional assistance . . . ." *Safford* v. *Warden*, 223 Conn. 180, 193, 612 A.2d 1161 (1992). The petitioner has not shown "that the issues are debatable among jurists of reason; that a court *could* resolve the issue [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Emphasis in original; internal quotation marks omitted.) *Simms* v. *Warden*, supra, 230 Conn. 616.

We conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petitioner's petition for certification to appeal.

The appeal is dismissed.