EDWARD WILLIAMS *v.* COMMISSIONER OF CORRECTION
(AC 20586)

Lavery, C. J., and Flynn and Dupont, Js.

Submitted on briefs September 12—officially released November 13, 2001

*Michael J. Melly*, special public defender, filed a brief for the appellant (petitioner).

*Linda N. Howe*, assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Edward Williams, appeals following the denial by the habeas court of his petition for certification to appeal, filed pursuant to General Statutes § 52-470 (b),[1] from the denial of his petition for a writ of habeas corpus. We dismiss the appeal.

The following facts and procedural history are relevant to this appeal. On May 3, 1996, the petitioner was convicted, after a guilty plea entered pursuant to the *Alford* doctrine,[2] of the crimes of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (3), larceny in the second degree in violation of General Statutes §§ 53a-119 and 53a-123 (a) (1), possession of weapons in a motor vehicle in violation of General Statutes § 29-38 and evasion of responsibility in violation of General Statutes § 14-224 (a) and (f). The petitioner was sentenced to a total effective sentence of twenty-five years. On October 28, 1999, the petitioner, with the assistance of counsel, filed a petition for a writ

---

[1] General Statutes § 52-470 (b) provides in relevant part: "No appeal from the judgment rendered in a habeas corpus proceeding brought in order to obtain his release by or in behalf of one who has been convicted of crime may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried . . . to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

[2] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

of habeas corpus alleging ineffective assistance of trial counsel in that trial counsel allegedly had coerced the petitioner into accepting the plea agreement on the ground that he would be sentenced to no more than twelve and one-half years of imprisonment. On February 10, 2000, the habeas court, following a hearing, denied the petition after finding that there was no basis for the petitioner's claim. The petitioner then filed a petition for certification with the trial court, which was denied on the same day. This appeal followed.

After our full review of the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he was denied a state or federal constitutional right. Furthermore, he has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Francis* v. *Commissioner of Correction*, 63 Conn. App. 282, 283, 775 A.2d 1004, cert. denied, 256 Conn. 933, 776 A.2d 1150 (2001); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

We conclude that there was sufficient evidence before the habeas court for it to find as it did. The court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.