MICHAEL SPYKE *v.* COMMISSIONER
OF CORRECTION
(AC 34634)

DiPentima, C. J., and Alvord and Harper, Js.

---

Argued May 28—officially released September 3, 2013

*Laljeebhai R. Patel*, assigned counsel, for the appellant (petitioner).

*James M. Ralls*, assistant state's attorney, with whom, on the brief, was *Jo Anne Sulik*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Michael Spyke, appeals following the denial of his petition for certification to appeal from the judgment dismissing his petition for a writ of habeas corpus, after the court granted the motion for summary judgment of the respondent, the Commissioner of Correction. On appeal, the petitioner claims that the habeas court (1) abused its discretion by denying the petition for certification to appeal, and (2) erred in granting the respondent's motion for summary judgment.[1] We disagree and dismiss the appeal.

The following facts and procedural history are relevant to this appeal and were set forth in this court's 2002 decision on the petitioner's direct appeal, *State* v. *Spyke*, 68 Conn. App. 97, 792 A.2d 93, cert. denied, 261 Conn. 909, 804 A.2d 214 (2002). The petitioner was arrested in April, 1998, and charged with murder in violation of General Statutes § 53a-54a, conspiracy to commit murder in violation of General Statutes §§ 53a-48 and 53a-54a, possession of a weapon in a motor vehicle in violation of General Statutes § 29-38, and commission of a class A, B, or C felony with a firearm in violation of General Statutes § 53-202k. Id., 99. The petitioner was tried before a jury in December, 1999, and the jury found him guilty of all charges except conspiracy to commit murder. Id., 100. The jury was deadlocked on the conspiracy charge, and a mistrial was declared as to that charge. Id.

On direct appeal, the petitioner claimed that the trial court improperly (1) denied his motion to suppress,

---

[1] In light of our disposition of the first claim we do not address the second.

(2) failed to disclose relevant information for cross-examination, (3) barred cross-examination regarding prior misconduct by the arresting officer, (4) coerced the jury to reach a verdict on the accessory to murder charge through its "Chip Smith" charge, and (5) failed to give an instruction that the jury could consider the circumstances under which the petitioner's statement was taken. He also claimed that the state's attorney committed prosecutorial misconduct in her closing argument. Id., 98–99. This court affirmed the trial court's judgment of conviction in January, 2002. Id., 118.

In January, 2008, the petitioner filed an amended petition for habeas corpus. In his amended petition, the petitioner argued that the trial court improperly read the entire statutory definition of intent from General Statutes § 53a-3[2] to the jury and that appellate counsel failed to raise the issue on direct appeal. Later in the same month, the respondent filed a motion for summary judgment, arguing that the petitioner's claims in the amended petition were meritless as a matter of law and that the petitioner could not, therefore, establish that his appellate counsel's performance was deficient in failing to raise the claim on direct appeal. The habeas court, *Schuman, J.*, granted the motion in February, 2008. On the same day, the court rendered a judgment of dismissal following the granting of the respondent's motion for summary judgment. Afterward, the petitioner filed a petition for certification to appeal. The habeas court denied the petition in March, 2008.

In March, 2012, the petitioner and the respondent jointly filed a motion for stipulated judgment,

---

[2] General Statutes § 53a-3 provides in relevant part: "Except where different meanings are expressly specified, the following terms have the following meanings when used in this title . . .

"(11) A person acts 'intentionally' with respect to a result or to conduct described by a statute defining an offense when his conscious objective is to cause such results or to engage in such conduct. . . ."

requesting that the habeas court render judgment restoring the petitioner's right to file an appeal from the denial of his petition. The habeas court granted the motion. This appeal followed.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. Abuse of discretion is the proper standard because that is the standard to which we have held other litigants whose rights to appeal the legislature has conditioned upon the obtaining of the trial court's permission. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). "To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . If this burden is not satisfied, then the claim that the judgment of the habeas court should be reversed does not qualify for consideration by this court." (Citations omitted; internal quotation marks omitted.) *Logan* v. *Commissioner of Correction*, 125 Conn. App. 744, 751, 9 A.3d 776 (2010), cert. denied, 300 Conn. 918, 14 A.3d 333 (2011).

In its motion for summary judgment, the respondent argued that the petitioner could not demonstrate that his appellate counsel provided ineffective assistance by failing to raise the claim that it was improper for the trial judge to read the entire statutory definition of intent from § 53a-3 because the claim was meritless as a matter of law. The habeas court granted the motion for summary judgment "on the merits and in absence of a timely objection." Thus, our analysis focuses on

whether the habeas court abused its discretion in determining that the petitioner's claim of ineffective assistance lacked merit.

"[T]he proper standard for attorney performance is that of reasonably effective assistance." *Strickland* v. *Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged test articulated in *Strickland* . . . . *Strickland* requires that a petitioner satisfy both a performance prong and a prejudice prong. To satisfy the performance prong, a claimant must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . The claim will succeed only if both prongs are satisfied." (Citations omitted; internal quotation marks omitted.) *Small* v. *Commissioner of Correction,* 286 Conn. 707, 712–13, 946 A.2d 1203, cert. denied sub nom. *Small* v. *Lantz,* 555 U.S. 975, 1295 S. Ct. 481, 172 L. Ed. 2d 336 (2008).

The petitioner claims that appellate counsel should have raised the issue of error in the trial court's instructions regarding intent. "[T]he failure to pursue unmeritorious claims cannot be considered conduct falling below the level of reasonably competent representation." *Sekou* v. *Warden,* 216 Conn. 678, 690, 583 A.2d 1277 (1990). "When reviewing the challenged jury instruction . . . we must adhere to the well settled rule that a charge to the jury is to be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury

. . . we will not view the instructions as improper."
(Internal quotation marks omitted.) *State* v. *DeJesus*,
260 Conn. 466, 473, 797 A.2d 1101 (2002).

The petitioner argues that the "overall tenor of the
trial court's charge" on intent was "in generic terms,
improper and confusing [to] the jury." The section of
the court's instructions to which the petitioner objects
is as follows: "I've also added in as a part of the general
instructions on intent that a person acts intentionally
with respect to a result or to conduct when his con-
scious objective is to cause such result or to engage in
such conduct. But I hasten to add that you cannot find—
in other words, to find murder that the defendant
engaged in conduct which resulted in death, in order
to find murder, you have to find amongst the other
elements that there was an intent to cause death that
has to have been the intent going in."[3] We agree with
the respondent that the description of intent as when
the "conscious objective is to cause such result or to
engage in such conduct" applied to both the accessory
to murder and weapons charges against the defendant.
The state presented evidence that the petitioner and
two others shot the victim, and it was the state's burden
to prove not only the specific intent to murder but also
the general intent to engage in the conduct leading to
the murder, namely, the firing of the weapon. Thus, it
would have been inappropriate for the court not to
instruct the jury on general intent as well as specific
intent.[4]

Because we conclude that the trial court did not err
in instructing the jury on intent as it did, we determine

[3] The trial court supplemented its original instructions following a jury
note requesting to see the judge's instructions in writing during deliberations.

[4] In its original instructions to the jury, the trial court stated in relevant
part: "[T]o prove murder, the state must prove, as I've indicated, beyond a
reasonable doubt that an individual in causing the death of the victim did
so with the specific intent to cause death."

further that appellate counsel's decision not to raise the issue of instructional error on direct appeal did not rise to level of ineffective assistance of counsel. See *Sekou* v. *Warden*, supra, 216 Conn. 690. The petitioner's claim is therefore without merit, and the habeas court did not abuse its discretion in denying the petition for certification to appeal on such grounds.

The appeal is dismissed.