******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

FRANCISCO LINARTE *v.* COMMISSIONER
OF CORRECTION
(AC 33398)

DiPentima, C. J., and Gruendel and Lavery, Js.

*Argued November 20, 2013—officially released January 14, 2014*

(Appeal from Superior Court, judicial district of
Tolland, Nazzaro, J.)

*Michael Stone*, assigned counsel, for the appellant
(petitioner).

*Sarah Hanna*, assistant state's attorney, with whom,
on the brief, were *David I. Cohen*, state's attorney, and
*Marcia Pillsbury*, deputy assistant state's attorney, for
the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Francisco Linarte, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. The petitioner claims that the habeas court (1) abused its discretion in denying certification to appeal and (2) improperly discredited the testimony of the petitioner's expert witness. We conclude that the court properly denied certification to appeal, and, therefore, dismiss this appeal.

The following factual and procedural history is relevant to our discussion. A jury found the petitioner guilty of five counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2) and five counts of risk of injury to a child in violation of General Statutes § 53-21 (a) (2). The court rendered judgment in accordance with the jury's verdict and sentenced the petitioner to a total effective sentence of forty years incarceration, execution suspended after twenty years, and thirty five years probation. The petitioner unsuccessfully appealed his conviction. See *State* v. *Linarte*, 107 Conn. App. 93, 944 A.2d 369, cert. denied, 289 Conn. 901, 957 A.2d 873 (2008).

On June 2, 2009, the petitioner filed an amended petition for a writ of habeas corpus. In his five count petition, the petitioner alleged (1) ineffective assistance of his criminal trial counsel, (2) ineffective assistance of his appellate counsel, (3) prosecutorial misconduct, (4) cumulative error of his criminal trial counsel, the prosecutor and the trial judge, and (5) actual innocence. On July 1, 2010, following a four day proceeding, the habeas court issued an oral decision denying the petition for a writ of habeas corpus.[1] The court subsequently denied the petitioner's petition for certification to appeal the denial of his petition for a writ of habeas corpus. This appeal followed.[2]

On appeal, the petitioner claims that the habeas court abused its discretion in denying certification to appeal from the denial of his petition for a writ of habeas corpus and that the habeas court improperly discredited the testimony of David Mantell, the petitioner's expert witness. We are not persuaded.

"The standard of review and the hurdles a petitioner must overcome to obtain appellate review of a habeas court's denial of a petition for a writ of habeas corpus after certification to appeal has been denied are well known. . . . In *Simms* v. *Warden*, 229 Conn. 178, 187, 640 A.2d 601 (1994), [our Supreme Court] concluded that . . . [General Statutes] § 52-470 (b) prevents a reviewing court from hearing the merits of a habeas appeal following the denial of certification to appeal unless the petitioner establishes that the denial of certification constituted an abuse of discretion by the habeas

court. In *Simms* v. *Warden*, 230 Conn. 608, 615–16, 646 A.2d 126 (1994), [our Supreme Court] incorporated the factors adopted by the United States Supreme Court in *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991), as the appropriate standard for determining whether the habeas court abused its discretion in denying certification to appeal. This standard requires the petitioner to demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . A petitioner who establishes an abuse of discretion through one of the factors listed above must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . . In determining whether the habeas court abused its discretion [a reviewing court] necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Oliphant* v. *Commissioner of Correction*, 146 Conn. App. 499, 513–14, 79 A.3d 77 (2013); see also *Spyke* v. *Commissioner of Correction* 145 Conn. App. 419, 423, 75 A.3d 738, cert. denied, 310 Conn. 932, 78 A.3d 858 (2013).

In its memorandum of decision, the habeas court expressly discredited the testimony of the petitioner's expert witness, Mantell, a clinical psychologist. On appeal, the petitioner asks this court to reject that determination by the habeas court. We decline his invitation to do so. "As a reviewing court, we may not retry the case or pass on the credibility of witnesses. . . . We must defer to the trier of fact's assessment of the credibility of the witnesses that is made on the basis of its firsthand observation of their conduct, demeanor and attitude." (Internal quotation marks omitted.) *State* v. *Osoria*, 86 Conn. App. 507, 515, 861 A.2d 1207 (2004), cert. denied, 273 Conn. 910, 870 A.2d 1082 (2005); see also *Coward* v. *Commissioner of Correction*, 143 Conn. App. 789, 803, 70 A.3d 1152 (habeas judge, as trier of fact, assesses credibility of witnesses and appellate court does not review that determination), cert. denied, 310 Conn. 905, 75 A.3d 32 (2013); *Corbett* v. *Commissioner of Correction*, 133 Conn. App. 310, 316–17, 34 A.3d 1046 (2012) (same).

Indeed, this court has most recently stated: "As an appellate court, we do not reevaluate the credibility of testimony . . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . We are not persuaded that the court's determination in this regard is debatable among jurists of reason, that a court could resolve the issue differently, or that it deserves encouragement to proceed further. . . . Therefore, the habeas court did

not abuse its discretion by denying the petition for certification to appeal as to this issue.'' (Citations omitted; internal quotation marks omitted.) *Gonzales* v. *Commissioner of Correction*, 145 Conn. App. 28, 32, 74 A.3d 509, cert. denied, 310 Conn. 929, 78 A.3d 145 (2013). We similarly conclude that the habeas court did not abuse its discretion in denying the petition for certification to appeal the denial of the amended petition for a writ of habeas corpus.

The appeal is dismissed.

[1] The habeas court determined that the petitioner failed to prove that his criminal trial counsel, Attorney Michael Sherman, provided ineffective assistance and that there was insufficient evidence of prejudice. See, e.g., *Spyke* v. *Commissioner of Correction*, 145 Conn. App. 419, 424, 75 A.3d 738 (''[T]he proper standard for attorney performance is that of reasonably effective assistance. *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged test articulated in *Strickland* . . . . *Strickland* requires that a petitioner satisfy both a performance prong and a prejudice prong. To satisfy the performance prong, a claimant must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . The claim will succeed only if both prongs are satisfied.'' [Internal quotation marks omitted.]), cert. denied, 310 Conn. 932, 78 A.3d 858 (2013).

[2] The petitioner's claim on appeal is limited to the actions of his criminal trial counsel, Attorney Michael Sherman.