******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ERNEST FRANCIS *v.* COMMISSIONER
OF CORRECTION
(AC 34349)
(AC 34449)

DiPentima, C. J., and Gruendel and Mihalakos, Js.

*Argued April 24—officially released July 15, 2014*

(Appeal from Superior Court, judicial district of
Tolland, Newson, J.)

*Ernest Francis*, self-represented, the appellant (petitioner).

*Margaret Gaffney Radionovas*, senior assistant
state's attorney, with whom, on the brief, were *Gail
P. Hardy*, state's attorney, and *Jo Anne Sulik*, senior
assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The self-represented petitioner, Ernest Francis, appeals from the denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus.[1] First, the petitioner claims that the habeas court abused its discretion in denying his petition for certification to appeal. Second, the petitioner claims that the habeas court improperly (1) dismissed his constitutional claims, (2) rejected his claims of ineffective assistance of counsel, and (3) denied him the opportunity to subpoena certain witnesses. We dismiss the appeal.

In 1992, the petitioner was convicted of murder and sentenced to fifty years incarceration. *State* v. *Francis*, 228 Conn. 118, 635 A.2d 762 (1993). In 1995, the petitioner filed his first petition for a writ of habeas corpus. After a trial, the court denied the petition and the petitioner's subsequent petition for certification to appeal. See *Francis* v. *Warden*, Superior Court, judicial district of Hartford–New Britain at Hartford, Docket No. CV-95-0550706 (February 18, 1998), appeal dismissed, 63 Conn. App. 282, 775 A.2d 1004, cert. denied, 256 Conn. 933, 776 A.2d 1150 (2001). In 2000, the petitioner filed his second petition for a writ of habeas corpus. After a trial, the court denied the petition. This court affirmed that judgment. *Francis* v. *Commissioner of Correction*, 142 Conn. App. 530, 66 A.3d 501, cert. denied, 310 Conn. 92, 177 A.3d 141 (2013). In 2008, the petitioner filed his third petition for a writ of habeas corpus, the subject of the present appeal.

In a six count amended petition, the petitioner alleged that (1) General Statutes § 54-46a, the statute providing for probable cause hearings for persons charged with crimes punishable by death or life imprisonment, is unconstitutional, and (2) his prior habeas counsel provided ineffective assistance of counsel. The respondent, the Commissioner of Correction, denied the allegations and raised several special defenses. On October 28, 2011, the habeas court dismissed the petitioner's constitutional claims. On December 19, 2011, following an evidentiary hearing, the habeas court rejected the petitioner's claims of ineffective assistance of counsel. Subsequently, the petitioner filed a petition for certification to appeal the habeas court's decision, which was denied. This appeal followed.

"The standard of review and the hurdles a petitioner must overcome to obtain appellate review of a habeas court's denial of a petition for a writ of habeas corpus after certification to appeal has been denied are well known. . . . In *Simms* v. *Warden*, 229 Conn. 178, 187, 640 A.2d 601 (1994), [our Supreme Court] concluded that . . . [General Statutes] § 52-470 (b) prevents a reviewing court from hearing the merits of a habeas

appeal following the denial of certification to appeal unless the petitioner establishes that the denial of certification constituted an abuse of discretion by the habeas court. In *Simms* v. *Warden*, 230 Conn. 608, 615–16, 646 A.2d 126 (1994), [our Supreme Court] incorporated the factors adopted by the United States Supreme Court in *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991), as the appropriate standard for determining whether the habeas court abused its discretion in denying certification to appeal. This standard requires the petitioner to demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . A petitioner who establishes an abuse of discretion through one of the factors listed above must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . . In determining whether the habeas court abused its discretion [a reviewing court] necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." (Citation omitted; emphasis omitted; internal quotation marks omitted.) *Oliphant* v. *Commissioner of Correction*, 146 Conn. App. 499, 513–14, 79 A.3d 77, cert. denied, 310 Conn. 963, 83 A.3d 346 (2013).

Having considered the merits of the petitioner's claims on appeal, we are not persuaded that the habeas court abused its discretion in denying the petition for certification to appeal, as the issues are not debatable among jurists of reason, a court could not resolve the issues in a different manner and the questions presented are not adequate to deserve encouragement to proceed further.

First, the petitioner's claim that § 54-46a is unconstitutional in that it fails to provide a right to disqualify a judge, a right to an impartial tribunal or a right to participate is meritless. The right of the accused to be heard by an impartial tribunal is guaranteed by the state and federal constitutions and need not be recited in each statute delineating the criminal procedure of the state. See Conn. Const., art. I, § 8; U.S. Const., amend. VI. A mechanism to challenge the judge presiding at the petitioner's probable cause hearing and trial existed at the time of those proceedings and exists today. Practice Book §§ 1-22 and 1-23 (formerly Practice Book [1978–97] §§ 996 and 997).

Second, the petitioner's claims of ineffective assistance of counsel are meritless in light of the habeas court's factual findings. Both attorneys alleged to have performed ineffectively testified at the habeas trial and expressly were found to be credible and to have performed competently. The habeas court also expressly found that the petitioner had failed to produce any

credible evidence supporting his allegations. The habeas court specified that the petitioner had not met his burden with respect to either performance or prejudice as to any of his claims. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (requiring that habeas petitioner satisfy performance prong, by demonstrating that counsel made errors so serious that counsel was not functioning as constitutionally guaranteed counsel, and prejudice prong, by demonstrating reasonable probability that, but for counsel's unprofessional errors, result of proceeding would have been different). The habeas court's findings are supported by evidence in the record and there is no basis to disturb them on appeal. *Linarte* v. *Commissioner of Correction*, 147 Conn. App. 500, 504, 89 A.3d 1 ("As an appellate court, we do not reevaluate the credibility of testimony . . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude." [Internal quotation marks omitted.]), cert. denied, 311 Conn. 944, A.3d    (2014).

Finally, the petitioner's claims that the habeas court improperly denied him the opportunity to subpoena certain witnesses is meritless.[2] The court is granted broad discretion in issuing subpoenas for witnesses on behalf of self-represented parties. Practice Book § 7-19 ("[a] judge . . . may direct or deny the issuance of subpoenas as such judge deems warranted under the circumstances, keeping in mind the nature of the scheduled hearing and future opportunities for examination of witnesses, as may be appropriate"). The petitioner has not presented any persuasive argument as to why the habeas court's decision not to issue subpoenas to certain witnesses constitutes an abuse of that discretion.

Accordingly, we conclude that all of the petitioner's claims are without merit and that the habeas court acted properly in denying his petition for certification to appeal.

The appeal is dismissed.

[1] On February 14, 2012, the petitioner filed two appeals from the same underlying judgment of the habeas court, one to this court and one to our Supreme Court. On April 20, 2012, our Supreme Court transferred the latter appeal to this court pursuant to Practice Book § 65-4. On August 2, 2012, by order of this court, the two appeals were consolidated pursuant to Practice Book § 61-7.

[2] The petitioner also claims that the habeas court improperly denied him access to the court when it did not review all of the evidence before it. The petitioner relies exclusively on an excerpt of the hearing transcript wherein the court states that "during lunch break, the court has taken the opportunity to review, not all clearly, but a decent portion of the exhibits." It cannot be inferred from this single comment that the court failed to review the entirety of the evidence at any point during the proceedings. Therefore, we conclude that this claim is also meritless.