******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

COREY HOWARD *v.* COMMISSIONER
OF CORRECTION
(AC 34789)

Beach, Bear and Schaller, Js.*

*Argued April 8—officially released July 22, 2014*

(Appeal from Superior Court, judicial district of
Tolland, Newson, J.)

*Dennis P. McDonough*, assigned counsel, for the
appellant (petitioner).

*Rita M. Shair*, senior assistant state's attorney, with
whom, were *Kevin D. Lawlor*, state's attorney, and, on
the brief, *Erika L. Brookman*, assistant state's attorney,
for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Corey Howard, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. We dismiss the appeal.

The following facts, as recited by the habeas court, and procedural history are relevant to this appeal. On November 27, 2002, the petitioner was in the Olson Drive area of Ansonia selling drugs when he was accosted by the victim and another male, who apparently were unhappy that the petitioner was selling drugs in that neighborhood. Words were exchanged, and, according to one witness, the victim punched the petitioner in the face and the second male reached toward his waistband, appearing as if he were reaching for a weapon, and then grabbed the petitioner by the arm. The petitioner broke free, pulled out a handgun and shot the victim. After the shooting, the petitioner said, "[t]hat's what . . . you get for rolling up on me!" Another witness provided a similar story of overhearing a verbal dispute over a drug sale, but did not report seeing any physical assault prior to seeing the petitioner shoot the victim.

In September, 2003, the petitioner pleaded guilty pursuant to the *Alford* doctrine[1] to manslaughter in the first degree with a firearm in violation of General Statutes § 53a-55a (a) and possession of a pistol without a permit in violation of General Statutes § 29-35 (a). Pursuant to the terms of a plea arrangement, the court sentenced the petitioner to thirty-five years incarceration, execution suspended after twenty-four years, five years of which were a mandatory minimum, and five years probation.

The petitioner filed a petition for a writ of habeas corpus alleging, inter alia, ineffective assistance of trial counsel for failure to advise him properly about the viability of a self-defense claim. The habeas court determined that the petitioner's claim that his trial counsel did not discuss a self-defense claim involved an assessment of credibility. The court concluded that the petitioner had not proven that counsel's performance was deficient. The court explained that the petitioner's version of events was "simply unbelievable and the petitioner [lacked] even the slightest scent of credibility . . . ." The court credited the testimony of the petitioner's trial counsel who testified that he had explained to the petitioner that he had a good self-defense claim, but that the petitioner " 'felt so horrible about the situation that that's not the route he wanted to go.' " The petitioner filed a petition for certification to appeal, which was denied. This appeal followed.

On appeal, the petitioner claims that the court abused its discretion in denying his petition for certification to

appeal and that the court erred in determining that he had not received ineffective assistance of counsel. We are not persuaded.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . If this burden is not satisfied, then the claim that the judgment of the habeas court should be reversed does not qualify for consideration by this court." (Citation omitted; internal quotation marks omitted.) *Spyke* v. *Commissioner of Correction*, 145 Conn. App. 419, 423, 75 A.3d 738, cert. denied, 310 Conn. 932, 78 A.3d 858 (2013).

"A claim of ineffective assistance of counsel consists of two components: a performance prong and a prejudice prong. . . . The claim will succeed only if both prongs are satisfied." (Internal quotation marks omitted.) *Bryant* v. *Commissioner of Correction*, 290 Conn. 502, 510, 964 A.2d 1186, cert. denied sub nom. *Murphy* v. *Bryant*, 558 U.S. 938, 130 S. Ct. 259, 175 L. Ed. 2d 242 (2009).

The habeas court did not credit the petitioner's testimony that trial counsel had not advised him of the viability of a self-defense claim, and credited his trial counsel's testimony to the contrary. The habeas judge is the "sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *Davis* v. *Commissioner of Correction*, 140 Conn. App. 597, 602, 59 A.3d 403, cert. denied, 308 Conn. 920, 62 A.3d 1133 (2013). Given the facts, as found by the habeas court, that the petitioner's trial counsel advised him of the viability of a self-defense claim and that it was the petitioner's choice not to pursue it, we conclude that the petitioner cannot prevail on his claim that the habeas court abused its discretion in denying certification to appeal. The petitioner has not proven that the issue is debatable among jurists of reason, that a court could resolve the issue in a different manner, or that the questions are adequate to deserve encouragement to proceed further.

The appeal is dismissed.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).