******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MICHAEL G.* *v.* COMMISSIONER
OF CORRECTION
(AC 34796)

DiPentima, C. J., and Prescott and Bear, Js.

*Argued September 8—officially released October 21, 2014*

(Appeal from Superior Court, judicial district of
Tolland, Newson, J.)

*Michael D. Day*, assigned counsel, for the appel-
lant (petitioner).

*Nancy L. Walker*, deputy assistant state's attorney,
with whom, on the brief, were *David S. Shepack*, state's
attorney, and *Angela R. Macchiarulo*, senior assistant
state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Michael G., appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. We conclude that the habeas court did not abuse its discretion in denying certification to appeal. Accordingly, we dismiss the appeal.

The petitioner was convicted of multiple counts of sexual assault in the first degree and risk of injury to a child involving his daughter. The complete facts pertaining to the petitioner's crimes are set forth in *State* v. *Michael G.*, 107 Conn. App. 562, 945 A.2d 1062 (affirming judgment of conviction), cert. denied, 287 Conn. 924, 951 A.2d 574 (2008). Following his direct appeal, the petitioner filed his amended petition seeking a writ of habeas corpus on March 16, 2012, claiming that his trial counsel had provided ineffective assistance during the criminal trial by deciding not to call the petitioner's mother as a witness for the defense. Upon the conclusion of the habeas trial, the court determined that the decision not to call the mother as a witness was that of a "competent and qualified defense attorney," and that the petitioner had not proven that his defense counsel's performance was deficient. The court specifically found that the petitioner's mother lacked credibility as a witness when she testified during the habeas trial. Accordingly, the habeas court denied the petition, and subsequently denied the petition for certification to appeal. This appeal followed.

On appeal, the petitioner argues that the habeas court abused its discretion in denying his petition for certification by (1) finding that he had received effective assistance of counsel, and (2) determining that the petitioner's mother lacked credibility as a witness. We disagree.

We begin by setting forth the appropriate standard of review. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Citation omitted; internal quotation marks omitted.) *Spyke* v. *Commissioner of Correction*, 145 Conn. App. 419, 423, 75 A.3d 738, cert. denied, 310 Conn. 932, 78 A.3d 858 (2013). "In determining whether the habeas court abused its discretion in

denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." (Internal quotation marks omitted.) *Tutson* v. *Commissioner of Correction*, 144 Conn. App. 203, 215, 72 A.3d 1162, cert. denied, 310 Conn. 928, 78 A.3d 145 (2013).

The petitioner first claims that the habeas court erred in concluding that counsel's performance was not deficient when he decided not to call the petitioner's mother as a witness during his criminal trial. The petitioner asserts that, if called, his mother would have testified that she had heard the victim recant her accusations against the petitioner, and that such evidence likely would have had a favorable impact on the outcome of the case.[1] We disagree.

The applicable standard for reviewing claims of ineffective assistance of counsel during criminal proceedings was articulated by the United States Supreme Court in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the court held that such a claim "must be supported by evidence establishing that (1) counsel's representation fell below an objective standard of reasonableness, *and* (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance. . . . The first prong is satisfied by proving that counsel made errors so serious that he was not functioning as the counsel guaranteed by the sixth amendment. The second prong is satisfied if it is demonstrated that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Crocker* v. *Commissioner of Correction*, 126 Conn. App. 110, 116, 10 A.3d 1079, cert. denied, 300 Conn. 919, 14 A.3d 333 (2011).

In this case, the habeas court did not credit the testimony of the petitioner's mother that the victim had recanted her accusations, finding that the witness lacked "even the slightest bit of credibility . . . ." To the contrary, the habeas court specifically credited the petitioner's trial counsel, who testified that the decision not to call the mother as a witness was based on his being unable to get a "straight answer" as to what she actually had heard the victim say and because calling the mother to testify would likely have opened the door for the state to introduce damaging evidence that previously had been excluded. It is axiomatic that the habeas court is the "sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *Davis* v. *Commis-*

*sioner of Correction*, 140 Conn. App. 597, 602, 59 A.3d 403, cert. denied, 308 Conn. 920, 62 A.3d 1133 (2013). Accordingly, having reviewed the record, we conclude that the habeas court properly determined that trial counsel's decision not to call the mother as a witness was that of a "competent and qualified defense attorney."

The petitioner next claims that the habeas court's finding that his mother lacked credibility as a witness was clearly erroneous because the habeas judge "maintained a bias or an appearance of bias" against her. As the sole basis supporting his claim, the petitioner points to the habeas court's assessment of the mother's credibility as a witness delivered in its ruling from the bench upon the conclusion of the trial. The habeas court stated that given the potential damaging nature of "the additional evidence that [defense] counsel was able to keep out of trial," the court found "it, frankly, rather appalling that [the mother] would even be willing to come in here and present the testimony."

The petitioner did not raise any claim of judicial bias during the habeas trial. Furthermore, the petitioner has not requested explicitly that we consider his claim under the plain error doctrine—the proper legal principle reserved for instances of unpreserved claims involving judicial bias. We thus conclude that his claim is unpreserved and decline to review it.

"It is well settled that courts [generally] will not review a claim of judicial bias on appeal unless that claim was properly presented to the trial court through a motion for disqualification or a motion for a mistrial." (Internal quotation marks omitted.) *State* v. *James R.*, 138 Conn. App. 181, 202, 50 A.3d 936, cert. denied, 307 Conn. 940, 56 A.3d 949 (2012). "Because an accusation of judicial bias or prejudice strikes at the very core of judicial integrity and tends to undermine public confidence in the established judiciary . . . we . . . have reviewed unpreserved claims of judicial bias under the plain error doctrine [when raised on appeal]." (Internal quotation marks omitted.) *Burns* v. *Quinnipiac University*, 120 Conn. App. 311, 317, 991 A.2d 666, cert. denied, 297 Conn. 906, 995 A.2d 634 (2010). We have, however, declined to review claims of alleged judicial bias if no claim of plain error was made by a party on appeal. See *State* v. *Moore*, 65 Conn. App. 717, 728, 783 A.2d 1100 (declining review where no plain error claim was made), cert. denied, 258 Conn. 940, 786 A.2d 427 (2001); see also *State* v. *James R.*, supra, 202 (same).[2] In this case, the petitioner does not argue that plain error exists and, therefore, we decline to review his claim.[3] In sum, the petitioner has not proven that the issues in the underlying claim are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. We con-

clude, therefore, that the habeas court did not abuse its discretion in denying the petition for certification to appeal from the judgment denying his amended petition for a writ of habeas corpus.

The appeal is dismissed.

* In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to use the petitioner's full name or to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

[1] During the habeas trial, the petitioner's mother presented her version of the events in her testimony.

[2] We are also aware of the recent decision by our Supreme Court in *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, 311 Conn. 123, 162 n.33, 84 A.3d 840 (2014), where the court made it clear that a reviewing court is not required to "raise an issue implicating plain error . . . sua sponte if a party itself has failed to do so."

[3] Even if we were to assume, arguendo, that the petitioner's claim properly was preserved or raised on appeal, our review of the record leaves us convinced that the claim is without merit. The habeas judge's assessment of the petitioner's mother as a witness was made after both parties in the case had presented their evidence and delivered the closing arguments in the case. There is no indication in the record that the habeas judge had expressed any bias or appearance of bias toward any witness who testified during the habeas trial. Because the habeas judge formed and expressed his view of the petitioner's mother's credibility after the parties had presented their evidence, his finding was not affected by impermissible bias. See *State* v. *Rizzo*, 303 Conn. 71, 125, 31 A.3d 1094 (2011) (finding nothing impermissible about opinion formed by judge *after* trial has concluded and based on evidence and arguments presented and judge's evaluation of them), cert. denied,     U.S.    , 133 S. Ct. 133, 184 L. Ed. 2d 64 (2012).