******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

KHARI MILLER *v.* COMMISSIONER OF CORRECTION
(AC 35211)

Lavine, Sheldon and Mullins, Js.

*Submitted on briefs September 25—officially released November 18, 2014*

(Appeal from Superior Court, judicial district of
Tolland, Newson, J.)

*Ilana Ofgang*, assigned counsel, filed a brief for the
appellant (petitioner).

*Gail P. Hardy*, state's attorney, *Kathryn W. Bare*,
assistant state's attorney, and *Jo Anne Sulik*, supervi-
sory assistant state's attorney, filed a brief for the appel-
lee (respondent).

*Opinion*

PER CURIAM. In this appeal, following the denial of his petition for certification to appeal from the habeas court's judgment denying his petition for a writ of habeas corpus, the petitioner, Khari Miller, claims that the court abused its discretion in denying his petition for certification to appeal and erred in concluding that he was not deprived of his constitutional right to the effective assistance of counsel. The petitioner's ineffective assistance claim was based on the alleged failure of his trial counsel to conduct an adequate cross-examination of a certain witness for the state at the underlying criminal trial.[1] We dismiss the petitioner's appeal.

The petitioner was convicted of felony murder in violation of General Statutes § 53a-54c, robbery in the first degree in violation of General Statutes § 53a-134 (a) (2), and conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 and 53a-134 (a) (2). In affirming his conviction on direct appeal, this court determined that the jury reasonably could have found the following facts. "On January 25, 1998, the [petitioner], Demont Murphy and Benjamin Smith met outside Murphy's home in Hartford. All three were wearing black clothing. Donna Williams and Rose Carter joined the men. Murphy went into his car and retrieved a gun that he put in the waistband of his pants. Williams told Murphy that the victim, Hubert Martin, had money in a wallet in his shoe and that they needed to go get it. Murphy asked Williams if she was 'still down to do that,' to which she responded, 'Hell, yeah.' Carter and Williams then went inside to use drugs, and the three men left for the victim's home.

"The men knocked on the victim's door while the victim's wife, Letna Martin, was upstairs reading in bed. She heard her husband ask, 'Who is it?' and heard the door open before there was any response. From the window she could see one man entering the house and one standing on the porch. She then heard her husband's muffled voice, as if someone's hand was covering his mouth, call out 'help, murder, call the police.' She immediately dialed 911. While she was still on the telephone, she heard someone coming up the stairs. The [petitioner] entered her room holding a gun and threw the telephone out of her hands. He grabbed her by the neck and dragged her downstairs into the living room where her husband was standing. She saw no one else in the room. Her husband then grabbed a small statue and threw it at the [petitioner], and the [petitioner] shot the victim, killing him. The [petitioner] then ran out the door. When [Letna] Martin ran to the door to lock it behind him, she saw the three men running away. Approximately $550, which the victim kept in his wallet during the day and stored in one of his shoes at night, was stolen. The three men ran back to Murphy's house where Murphy said that 'he didn't have to shoot

him' and 'he didn't really have any money . . . .' A boot matching the victim's boot at the murder scene was located in a field approximately 100 feet from the victim's front door." *State* v. *Miller*, 69 Conn. App. 597, 599–600, 795 A.2d 611, cert. denied, 260 Conn. 939, 802 A.2d 91 (2002).

Following the petitioner's conviction, he was sentenced to forty-five years imprisonment on the felony murder count, fifteen years concurrent for robbery in the first degree and fifteen years concurrent for conspiracy to commit robbery in the first degree for a total effective sentence of forty-five years. Id., 600.

On May 7, 2012, the petitioner filed an amended habeas petition, in which, as previously noted, he alleged, inter alia, that he was denied his constitutional right to the effective assistance of counsel as a result of his trial counsel's failure to conduct an adequate cross-examination of a witness for the state. He claimed, more particularly, that trial counsel conducted a constitutionally inadequate cross-examination of the state's witness, Letna Martin (Martin), an eyewitness to the shooting who was married to the victim, by failing to impeach her with her prior sworn testimony at a probable cause hearing for another defendant, that the person who shot her husband was Puerto Rican.[2]

After a trial, the habeas court issued an oral ruling denying the petition. The court explained in its ruling that the petitioner's failure to present Martin as a witness at the habeas trial made it impossible for it to assess her credibility, or thus to determine the likely impact of the omitted impeachment evidence on the outcome of the petitioner's criminal trial. On that basis, the court found that the petitioner had failed to prove that his attorney's performance was deficient. The court also found, however, that the petitioner had failed to prove that he had been prejudiced by trial counsel's failure to cross-examine Martin as to her earlier testimony that the shooter was Puerto Rican because the petitioner had not been convicted of any crime requiring proof of his identity as the shooter. It ruled, on that alternative basis, that the outcome of the petitioner's trial would not have been different if the omitted cross-examination had been conducted. The habeas court thereafter denied the petition for certification to appeal and this appeal followed.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could

resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . If this burden is not satisfied, then the claim that the judgment of the habeas court should be reversed does not qualify for consideration by this court." (Citation omitted; internal quotation marks omitted.) *Spyke* v. *Commissioner of Correction*, 145 Conn. App. 419, 423, 75 A.3d 738, cert. denied, 310 Conn. 932, 78 A.3d 858 (2013).

"In *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable. . . . A reviewing court need not address both components of the inquiry if the [petitioner] makes an insufficient showing on one." (Citation omitted; internal quotation marks omitted.) *Ramey* v. *Commissioner of Correction*, 150 Conn. App. 205, 209, 90 A.3d 344, cert. denied, 314 Conn. 902,      A.3d      (2014).

Here, the habeas court concluded that the petitioner failed to prove both deficient performance of his trial counsel and prejudice. As to the habeas court's determination that the petitioner failed to prove deficient performance based solely on his failure to present testimony from the witness whom his counsel allegedly failed to impeach at the underlying criminal trial, we are constrained to note that the transcript of the hearing at which Martin had testified that her husband's shooter was Puerto Rican was available for the habeas court's review and formed an ample basis on which the habeas court could have relied in assessing the importance of the omitted impeachment evidence in challenging that testimony, its likely impact on the petitioner's criminal trial and whether the petitioner's counsel should have attempted to further cross-examine Martin and/or attempt to impeach her. On this basis, we have serious concerns as to the propriety of the habeas court's deficiency determination.

Notwithstanding that concern, we need not further examine the habeas court's deficiency determination because we agree with the habeas court's determination that the petitioner was not prejudiced by his trial counsel's failure to elicit Martin's description of the ethnicity of the shooter because he was acquitted of a charge of murder, the only charged offense as to which the state was required to prove that the petitioner was the shooter. On this point, we conclude that jurists of rea-

son could not differ, and we thus conclude that the habeas court properly denied the petition for a writ of habeas corpus and the petition for certification to appeal.

The appeal is dismissed.

[1] The petitioner also contends that the habeas court erred in rejecting his claims that he was denied his right to a fair trial as a result of prosecutorial impropriety during the criminal trial and that he was denied the effective assistance of appellate counsel because that claim was not pursued on appeal. Our review of this claim reveals no error.

[2] The petitioner is African-American.

—————————————————